United States District Court
Western District of Michigan
Southern Division

FILED - LN
January 7, 2022 10:36 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod / ____  SCANNED BY: ___/___

Jason L. Sanders 305405 et al,
on behalf of himself + plaintiffs named
in this complaint who are similarly
situated.

v.

Warden Matt Macauley et al.
Defendants.

Case No.
Hon.
MAG.

1:22-cv-18
Phillip J. Green
U.S. Magistrate Judge

Verified Complaint

---

# Civil Complaint For Declatory Injunctive, Compensatory And Punitive Relief

## A. Jurisdiction And Venue

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under color of the state law, of rights ~~reserved~~ secured by the constitution of the United States. This court has jurisdiction under 28 U.S.C. section 1331 and 1343 (A)(3). Plaintiff seeks declatory relief pursdant to 28 U.S.C. section 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and Rule 65 of the Federal Rules of Civil P.

1.

## B. AFFIDAVIT OF Formal Complaint

Pursuant to 28 U.S.C. section 1746, I swear under penalty of perjury that the following is true, factual and complete to the best of my knowledge, information, belief and ability at this time, putting forth in good faith being competant and housed at the Bellamy Creek Correctional Facility in Unit-5 of the Michigan Department of Corrections, for which this also acts as proof of service.

1. I am filing this formal Complaint on behalf of myself and every prisoner in Unit-5 from 12- -2021 to the present date (to be entered into the personal files of named parties herein) in lieu of participating in the charade purported to be the grievance procedure, due to prior indicative patterns of bias demonstrating the futility in such efforts of attempting to get a fair, complete and meaningful investigation to resolve these adverse issues which conflict with rehabilitative goals, proving no administrative remedy is available nor applicable at Ionia Bellamy Creek Correctional Facility.

2. I am providing the original copy of this directly to the Warden of the facility and carbon copies to other listed agencies to ensure all administrative offices at their highest levels have the proper and adequate opportunity to resolve these adverse

2

circumstances as well as for later retrieval if litigation proves necessary in the event Administrators continue refusing to satisfactorily resolve this issue.

3. Because these state employees and their action name herein, are clearly in violation of the rules, policies, operating procedures, statues, laws, their own Employees Agreement and Employee Handbook guidelines. It is also necessary to recognize herein that this sets a clear example to myself and all other plaintiffs, that not all afforestation strictures need be adhered at all times and are in fact undeniably open to indivurdual interpretation as to when, which and to what extent they should or shall abide without fear of any consequences or retribution since supervisors custody and administrators refuse to discipline their employees or have empathy for the lives of the prisoners at this facility.

NOTE: According to MDOC Policy 03.03.130 (In Humane Treatment and living Conditions) and the addition of (Department office Memorandums involving Covid-19) IBC Administrative, custody and health care staff at IBC were well aware of the risk posed by Covid-19 and the directions of Heidi E. Washington on how to respond to a Covid Outbreak.

3

4. Plaintiff Jason K Sanders is and was at all times mentioned herein, a prisoner of the state of Michigan in the custody of the Michigan Department of Corrections at Ionia Bellamy Creek Correctional Facility in Ionia Michigan.

5. Each of the other prisoners in Unit-5 who signed this complaint is and was at all times mentioned herein (as Plaintiffs), are prisoners of the state of Michigan in the custody of the Michigan Department of Corrections at the Ionia Bellamy Creek Correctional Facility in Ionia, Michigan.

### D. Defendants

6. Defendant Warden Matt Macauley is the Warden of Bellamy Creek Correctional Facility. He is legal responsible for the operation of Bellamy Creek Correctional Facility and for the welfare of all the inmates in this prison.

7. Defendant unknown Walzach is the Deputy Warden of Ionia Bellamy Creek Correctional Facility. He is legally responsible for the welfare and operation of the prison and carries out the duties of the Warden in his absense.

8. Defendant Brian Hadden is the Assistant Deputy Warden of Housing at Ionia Bellamy Creek Correctional Facility. He is responsible for the placement of prisoners in each housing unit, and the operation of each housing unit.

Defendant unknown Lemke is a P.C. who worked Unit 5 during these incidents at IBC

Defendant unknown Stuntman is a correctional officer in IBC Housing Unit-5. He is being sued in his individual and official capacity

Defendant's Unknown Healthcare Supervisor, And Healthcare Unit Manager Are both responsible for the physical health and safety of every prisoner At Bellamy Creek And the Healthcare System At Ionia Bellamy Creek Correctional Facility.

Defendant Craig Ritter is A P.C/ARUS working Unit-5 and 8 at IBC.

Each defendant is sued individually And in his [or her] official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

Each defendant knew or should have known that they were violating the 8th Amendments Rights to the U.S. Constitution of every prisoner in Unit-5 At Ionia Bellamy Creek Correctional Facility during the time of incident until the present date, And the risk to every Human Being posed by Covid-19

## E. Facts

10. On or About 12-16-21, officer Stuntman who regularly works in Unit-5 came to work and begin passing out christmas bags to the prisoners in the unit, every 5 unit prisoner.

11. Officer Stuntman was positive of Covid-19

Several prisoners in Unit-5 tested positive for Covid-19 as a result of coming into contact with officer Stuntman.

12. These prisoners were transfered to Housing Unit-8 and Unit-5 was temporarily placed on a semi-Covid lockdown, then these positive prisoners were snuck back to Unit-5 (B-laver) during count.

13. Officer Stuntman came back to work the very next Morning after being sent out of the Housing unit-5 that day.

"On 12[...] [...] tested positive for Covid-19 And Unit-5's operation was shut down.

15 Positive Covid prisoners were all placed on B lower in the first 7 or 8 cells with the rest of the prisoners plaintiffs who do not have Covid-19, And have been Sanctioned (off) from the rest of Unit-5 and the prison compound. (population)

16 Positive Covid-19 prisoners have been called out to use the showers (which have no hot water) And are not power washed or properly cleaned before the rest of the B-wing prisoners use these showers moments later.

17 Unit-5 is not been properly bleached and sanitized, there has only been 2 sanitation workers (Porters) out wiping down surfaces until the next yard of prisoners are let out to be exposed to the germs of the prisoners who come to use the phone, Jpay, dayroom, and all surfaces. Warden has ordered porters to spray prisoners cell on the covid wing, these prisoners are not allowed to properly sanitize.

8 Unit staff on 1st shift can be seen without their mask or any PPE used (to prevent the spread of covid) After coming into direct contact with Covid prisoners and then the cells of negative prisoners as well as sanitation workers who have contaminated prisoners negative of Covid-19, they are also being ordered to enter PPE on.

9 Warden Macauley has continued to allow IBC staff to come into direct contact with the Unit-5 prison population without being ordered to test for Covid-19

6

Before coming into contact with the positive-type patient, and has continued to place close contact prisoners in cells with prisoners who are positive covid-19 patients.

20. Unknown Healthcare Supervisor and Health Unit Manager allowed Macauley + Hadden to place aprox. 15 positive prisoners on B-lower with aprox. 30 prisoners who do not have covid (including plaintiff Sanders' who is on record of being at high risk of covid). These positive prisoners were already in Unit-8 "Temp-seg/healthcare" wich is the designated place for covid patience, placing all of the Unit-5 prisoners health and safety in imminent danger.

21. No healthcare staff make rounds to question the health of the other prisoners who are locked on the Covid Wing with the Covid positive cases, by unknown Supervisor or Healthcare Unit Manager.

22. Prisoners on B-side have been denied access to the A-wing J-pay and Store machines, or to the B-wing P.C. to process court papers they need to be mailed out, notarized or any other administrative issues, yet these prisoners don't have Covid-19, by Defendant Ritter and Lemke from 12-16-21 to the present date.

23. Unit-5 prisoners, after multiple positive Covid prisoners were mixed into the Unit-5 Housing Unit with all the prisoners negative of Covid-19, have been denied access to the IBC 300 building services (Law Library, religous services, psych services, school, barbershop and Quarter Master). And shortened exercise yard.

7

There are multiple signs and posters on B-lower stating that a face mask, gown, gloves and other P.P.E. are required to be on B-lower by the defendants, yet the prisoners on B-lower who donot have covid are not supplied with any of protective gear, yet they have been placed at the highest risk.

25. The administrative and custody staff are well aware of the risk they have put each and every one of the plaintiffs through (who have contracted covid, and those who are at a high risk at this very moment) and have blatantly ignored these risk.

### F. Exhaustion of Legal Remedies

Plaintiffs have used the prisoner grievance procedure available at Bellamy Creek (where it was available) to try and resolve the issues involved in this complaint.

### G. Legal Claims

Wherefore, Plaintiff on behalf of himself and all other plaintiffs re-allege and incorporate by reference paragraphs 1-25.

Claim 1 violation of U.S. Constitution Amend. 8

26. Defendant Warden Macauley and Unknown Health Care Supervisor, unknown Health Care Managers failure to order testing of Custody or Administrative staff (Stenman) constituted deliberate indifference to all plaintiffs health and safety in violation of the 8th Amendment (Cruel and Unusual Punishment)

8

of the United States Constitution.

27. Claim 2 violation of U.S. Constitution Amend 8
Defendants Macauley, Walzach, and Hadden, unknown health care supervisor and health unit managers, placement of positive covid patients in Unit-5 amongs the plaintiffs who are negative of Covid-19 constitutes Cruel and Unusual punishment (deliberate Indifference) in violation of the United States Constitution and has placed the health, safety and lives of the plaintiffs in imenent danger.

28. Claim 3 violation of U.S. Constitution Amend 8
Defendant Macauley's, health care supervisor, heathcare Unit Manager, Walzach and hadden's policy/rule recurring custody staff and sanitation workers (porters) to enter the cells of covid negative prisoners with same P.P.E that was worn to deal with positive covid prisoners constitutes Cruel and Unusual punishment (deliberate Indifference) in violation of the 8th Amendment to the United States Constitution.

Claim 4 violation of U.S. Constitution Amend 8
29. Macauley's rule ordering the denial of prisoners in unit-5 to use bleach to spray their cells, especially those on the "Covid Wing" constitutes Cruel and Unusual Punishment manual (deliberate Indifference

in violation of the 8th Amendment to the United States Constitution.

30. Claim 5 violation of the U.S. Constitution Amend 8

Macauley's failure to enforce the posted rules/requirements of the staff wearing P.P.E. when coming on the Covid wing (b-Lower) constitutes Cruel and Unusual Punishment (deliberate Indifference) in violation of the 8th Amendment to the United States Constitution

Claim 6 violation of the U.S. Constitution Amend 8

31. Macauley's order to place positive covid prisoners in the shower and then negative covid prisoners in the same shower without the showers being properly sanitized constitutes Cruel and Unusual punishment (deliberate Indifference) in violation of the 8th Amendment to the United States Constitution.

32. Claim 7 Violation of U.S. Constitution Amend 8

Warden Macauleys shorting of Unit-5 prisoners yard time (exercise) due to prisoners contraction of Covid-19 constitutes Cruel and Unusual punishment in violation of the 8th Amendment to the United States Constitution

Claim 12 violation of U.S. Const. 1 + 14
for 15 days
Defendants Lemke and Craig Ritter both refused to process Plaintiffs court decision papers to be mailed to the
10    Court violated access to courts + Due Process in violation of U.S.

Claim 8 violation of U.S. Constitution Amend 8

33. Officer Stuntman's decision to come into the Unit-5 and into contact with the prisoner population the 1st and 2nd time he was reminded that he was positive of Covid-19 constituted Cruel and Unusual Punishment (deliberate Indifference) in violation of the 8th Amendment to the United States Constitution.

Claim 9 violation of U.S. Constitution Amend 8

34. Macauley's denial of P.P.E. for negative Covid-19 prisoners held on B-lower (covid Wing) Constituted Cruel and Unusual Punishment in violation of the 8th Amendment to the United States Constitution

Claim 10 violation of U.S. Constitution Amend 8

35. Defendants Unknown Health Care Supervisor and Health Care Unit Manager's failure to make medical rounds to investigate the health care of all prisoners on the Covid-19 Wing (B-lower) Constitutes Cruel and Unusual Punishment (deliberate Indifference) in violation of the 8th Amendment to the United States Constitution.

Claim 11 violation of U.S. Constitution Amend 1st, 8th & 14th

36. Defendant Macauley's denial of access to the IBC (300 building) (Law Library, chapel, school, barber, psych service and other program building services to prisoners negative of Covid-19 constitutes a violation of Due Process (discrimination) due to the fact that all other negative covid patients have not

Been denied access to legal library, assistance, materials, (Deliberate Indifference) due to being denied psych services and discriminated from other prisoners similarly situated on the prison population. (Bellamy Creek Facility).

Plaintiffs in Unit 5 are testing positive for Covid-19 every day. This virus is spreading due to Macauleys intentional placement of positive prisoners with negative prisoners in Housing Unit 5, and prisoners are suffering. The Plaintiff and all other prisoners similarly situated has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irraparably injured by the conduct of the defendants unless this court grant the declatory and Injunctive relief wich Plaintiffs seeks.

Claim 12 violation of U.S. Constitution Amend 8
Defendant Macauley's placement of Covid positive prisoners in cells with "close contact" prisoners constitutes Cruel and Unusual Punishment (deliberate Indifference) and violates the 8th Amendment to the U.S. Constitution.

H. Prayer of Relief

Wherefore, plaintiffs respectfully pray that this Honorable Court enter Judgment granting plaintiffs:

37. A Declaration that the acts and omissions described herein violated all the Plaintiffs rights under the U.S. Constitution and laws of the United States.

38. A preliminary and permanent injunction ordering defendants Macauley to ① stop placing positive Covid prisoners in the same facility with negative Covid Prisoners. ② create a housing area specifically for prisoners who contract viruses or diseases 100 yards away from the rest of the prison population. ③ Order Prison Staff to be tested before entering contact with the prisoner

12

population, and remove all positive covid patients out of Unit-5, and order regular operation of the other Unit-5 prisoners negative of covid-19 to prevent the spread.

39. Compensatory damages in the amount of $100,000 for each plaintiff placed at risk and $200,000 for plaintiffs who contracted Covid in Unit-5 since 12-15-21. Jointly and Severally against each defendant.

40. Punitive Damages in the amount of $100,000 against each defendant to each plaintiff similarly situated in this complaint.

41. Order a special master to ensure that covid regulations are being followed, and that health care at IBC is in accordance with Michigan law and Department of health.

42. A Jury Trial on all issues triable by a jury.

43. Plaintiffs cost in suit.

44. Any additional relief this court deems necessary, proper, equitable and just.

Date: 12-25-21

respectfully submitted

Jusser Jawls IBC Correctional Facility

Marquel Williams IBC correctional facility

Anthony D. Murphy 769317 IBC corr. facility

Maurice H. Fielding 666102 IBC Correctional Facility

Alex Garlington 745242 IBC Facility

Richard Gant 588674 IBC Facility

DAMON THOMAS 779551 IBC FACILITY

Robert McClendon #312114 IBC — Robert McClendon

Jared Vaughn #940157 IBC — Jared Dale Vaughn

Kenneth Regal #980306 IBC

Monte Davidson #975749 IBC — Monte Davidson

Walter Banks # 401887 IBC — Walter Banks

Micah Daniel # 405996 IBC — Micah Daniel

Darrell Petty # 607237 IBC

Gabe Rocha # 837503 IBC

Kendale Horton IBC Correctional Facility

Nicholas T. Waddell IBC Correctional Facility — Nicholas J. Waddell

Marcellis O. Cook #899531 IBC

Joe Vanmeter #929084 IBC Correctional Facility #92908

Rick J. Gray #798226 IBC Correctional Facility — Rick Gray 798226

Daniel Hornik #517626 IBI correctional Facility — Dan Hurn 517626

Reginald Pettus 659842 IBC Correctional Facility — Reginald Pettus

Watson Curtis 496705 IBC Correctional Facility — Curtis Watson

Williams Keith 977196 IBC Correctional Facility — Keith Williams 977196

JEFFERY Scott KUCHARCZYK #429192 IBC Correctional Facility

14

Hiram Wilson #185365 [signature] IBC Correctional Facility

Anthony D Murphy #769317 [signature]

Freddy Ortiz #951132 [signature]

Clyde Rueckert 296150 Clyde Rueckert

Ray [Lelin?] #513591

Connor 446274 [signature]
Brian Littlejohn 292196 Brian Littlejohn

D. Butler #482112 [signature]

Jesse Adair 619581 Jesse Adair

D[—] [signature] 893627
Deontea White 893627

Darrell J. Wilson #668441

Adan Cartwright 950823 [signature]

Lucas Basco 743664 [signature]

Devon Burnett 454778 Devon Burnett

Dallas Cowles #979109 Dallas C

Teamone Ellis #362309 Teamone Ellis

Octavius Snell #732058 O. Snell

Raymond McKay #838277 Raymond McKay

Taylor #499076 Tay

Dushon McGruder 882923 D. McGruder

Deshawn Britt #786975 [signature]
Kenneth Schultz 632460

Earl Adkins 348184 [signature]

Eric Bommarito 671170 Eric B.

15

Brett Schuler 473049 Brett Sch
Michael Gonyea 404130 Michael Gonyea IBC
Dre'quan Scott 620445 IBC
Donte Russell #311868 IBC
Brandon R. Harris #642727 [signature] IBC 5-158-TOP
John R.A. Scally #456515 [signature] IBC
Brandon Thyng #961825 [signature] IBC
Peris A. Dorsette #841274 [signature] IBC
Eric Martin #724371 Eric Martin 5-160T IBC
Ryan Charles Diemond #703444, IBC, 5-249-B [signature]
Jesse Allen King #302567, IBC, 5-248-B Jesse King
Epharim Jeremiah Harris #851935 IBC [signature]
Alante Jones #513503 IBC, 5-250-T Alante Jones
Michael Watters #524159 5-251-B Michael Watters IBC
Gordon Yoos #656582 5-251 Top I.B.C Gordon Yoos
James Williams 5-243B IBC James Williams
Greg Partin 5-255 IBC Greg Partin
Dante Swilley 5-242 IBC Dante Swilley
Will Patton 251329
Willis Patton 5-242 IBC
Ronald Bredy 164995 IBC 241 T
Brandon J. Robinette 353654 (IBC) [signature] 12/27/21
DeQuandre Hunt 723993 (IBC) [signature] 12/28/21

16

Tyress Jess [illegible] #523486 [illegible] IBC

Mark Blunston #885892 *Mark Blunston* IBC

Elemaniel M Cancel 608956 *Cancel M Cancel* IBC

[signature] 502509 IBC

Quincy Curry #785306 IBC

Deshon Beedl #419539 & IBC

Jason Brackney #498636 IBC

(Michael Sorrell 427473) IBC
*Michael Sorrell*

Ricky Scheel #861206 IBC
*Ricky Scheel*

Kirk Bragenzer #719977
*Kirk Bragenzer* I.B.C.

James Pauli #874135 IBC
*James Pauli* IBC

Troy DeSean Johnson #523411
*Troy DeSean Johnson* #523411 IBC

Ray Don Scott JR. 741245
[signature] #741245 IBC

Richard Davis #623162
*Richard Davis* IBC

Dwane Humphries #579459
*Dwane Humphries* IBC

Brent O'Neill Brown JR IBC
983465 *Brent Brown* 17

## Verification

I have read the foregoing complaint and hereby verify that the matters alledged therein are true, except as to matters alledged on Imformation and beleif, and, as to those, I beleive them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Ionia, MI and on 12-25-21

*Jason Sanders*
Jason Sanders 305405

*Marquel Williams*
Marquel Williams 400053



U.S. District Court
Western District of Michigan
Southern Division
399 Federal Bldg 110 Mich St N.W.
Lansing, MI 48853

Jason Sanders 305405
Bellamy Creek Prison
1727 W. Bluewater Hwy
Ionia, MI 48846